1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

JI-WON KIM, LILIAN PARK, JEAN YI, and
JONGJIN AN,

11

                Plaintiffs,

12

        vs.

13

DELTA AIR LINES, INC.,

14

                Defendant.

15

16

17

CASE NO.
[KING COUNTY SUPERIOR COURT CASE NO:
18-2-13973-2 SEA]

**NOTICE OF REMOVAL OF CIVIL
ACTION TO UNITED STATES DISTRICT
COURT (DIVERSITY)**

**[28 U.S.C. §§ 1332 AND 1441(B)]**

18

TO:         The Clerk of the Court;

19

AND TO:     Plaintiffs Ji-Won Kim, Lilian Park, Jean Yi, and Jongjin An

20

        **PLEASE TAKE NOTICE** that Defendant Delta Air Lines, Inc. ("Delta") hereby

21

invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) and removes this

22

action from state court to federal court pursuant to 28 U.S.C. §1446(b).  Removal is proper on

23

the following grounds:

24

        1.      On June 1, 2018, Plaintiffs Ji-Won Kim, Lilian Park, Jean Yi, and Jongjin An

25

("Plaintiffs") filed a civil action in the Superior Court of the State of Washington for the County

**NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT** - 1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of King, entitled *Kim, et al. v. Delta Air Lines, Inc.,* cause number 18-2-13973-2 SEA (the "Complaint" or "State Court Action").

2.  Plaintiffs' Complaint alleges that Delta wrongfully terminated Plaintiffs' employment in May 2017 and that Plaintiffs were subject to sexual harassment.

3.  Plaintiffs' Complaint alleges that Plaintiffs' termination was discriminatory and in retaliation for complaints of sexual harassment.

4.  The Complaint asserts claims under RCW 49.60.180 and RCW 49.60.210 and seeks damages including back pay and other economic damages, emotional distress damages, pre-judgment interest, attorney fees, injunctive relief, tax relief, and costs.

5.  On June 6, 2018, Plaintiffs effected service of process on Defendant through CSC. *See* Goldstein Decl., Ex. B (Notice of Service).

6.  The Summons and Complaint (Exhibit A), Notice of Service of Summons (Exhibit B), and the Order Setting Civil Case Schedule (Exhibit C) constitute all of the pleadings, process, and orders served in the State Court Action. True and correct copies of the foregoing are attached as Exhibits A, B, and C and filed concurrently herewith.

7.  On June 19, 2018, Plaintiffs' counsel confirmed via email that Plaintiffs are seeking damages in excess of $75,000. Goldstein Decl., Ex. D.

**I. Complete Diversity of Citizenship Exists Between Plaintiffs and Defendant.**

8.  As set forth below, complete diversity exists between Plaintiffs, on the one hand, and Defendant, on the other hand.

**A. Citizenship of Plaintiffs.**

9.  Plaintiffs are residents of King County, Washington. *See* Goldstein Decl., Ex. A (Complaint, ¶ 4).

10.  Accordingly, Plaintiffs are citizens of Washington for purposes of determining diversity. 28 U.S.C. § 1332(a).

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT - 2**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**B.     Citizenship of Defendants.**

11.     A corporation is a "citizen" of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

12.     Defendant Delta Air Lines, Inc. is a Delaware corporation with its headquarters and principal place of business in Atlanta, Georgia. *See* Goldstein Decl., Ex. B.

13.     Thus, pursuant to 28 U.S.C. § 1332(c), Defendant is a citizen of Delaware and Georgia.

14.     There is diversity of citizenship between Plaintiffs, Washington residents and citizens, and Defendant, a citizen of Georgia.

**II.     Plaintiffs' Complaint Seeks Damages in Excess of $75,000.**

15.     The amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(b).

16.     Plaintiffs' Complaint seeks money damages for back pay and other economic damages, emotional distress damages, pre-judgment interest, attorney fees, tax relief, and costs in an unspecified amount.

17.     On June 19, 2018, Plaintiffs' counsel confirmed by email that the amount in controversy is over $75,000. Goldstein Decl., ¶ 5, Ex. D.

18.     Plaintiff's counsel's written confirmation is sufficient to establish that the amount in controversy is over $75,000. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). ("A demand letter alone is sufficient to establish the amount in controversy as long as it contains a reasonable estimate of the Plaintiff's claim.")

19.     Based on the claims in Plaintiffs' complaint and Plaintiffs' counsel's confirmation, the matter in controversy exceeds $75,000.

**III.     Defendant Has Satisfied All Requirements to Remove This Case on Diversity Grounds.**

20.     Because Defendant is a citizen of Delaware and Georgia, and Plaintiffs are

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT - 3**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

citizens of Washington, complete diversity exists under 28 U.S.C. § 1332(a).

21. Additionally, Defendant has demonstrated that the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, the amount-in-controversy requirement for federal diversity jurisdiction is satisfied. 28 U.S.C. § 1332.

22. Because complete diversity exists between Plaintiffs and Defendant, and the matter in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, pursuant to 28 U.S.C. § 1446(a), Defendant may remove this action to this Court.

23. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within thirty days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

24. Venue currently lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(b) and § 1391 because the State Court Action was filed in this District and this is the judicial district in which the action arose. *See* 28 U.S.C. § 128(b).

25. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of Washington for the County of King. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

26. By this Notice of Removal, Defendant does not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

27. WHEREAS Defendant respectfully requests that the action now pending against it be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | |
|---|---|
| 1 | DATED this 26th day of June 2018. |

DORSEY & WHITNEY LLP

s/Aaron D. Goldstein
Aaron D. Goldstein, WSBA #34425
Goldstein.aaron@dorsey.com
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorney for Defendant Delta Air Lines, Inc.

**NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 5**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

<u>CERTIFICATE OF SERVICE</u>

On this 26th day of June 2018, I caused to be served a true copy of the foregoing on the

following:

Judith A. Lonnquist, WSBA #06421   ☐ Via Messenger
Jennifer T. Song, WSBA#39801    ☐ Via Facsimile
Law Offices of Judith A. Lonnquist, P.S.  ☐ Via Electronic Mail
1218 Third Avenue              ☒ Via ECF
Suite 1500                       ☐ Via U.S. Mail
Seattle, WA 98101-3021      ☐ Via Overnight Mail

DATED this 26th day of June 2018.


*s/Aaron D. Goldstein*
Aaron D. Goldstein

**NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT - 6**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4812-3660-5034\1

# EXHIBIT A

DORSEY & WHITNEY LLP

June 7, 2018

RECEIVED

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JI-WON KIM, LILIAN PARK, JEAN YI, and JONGJIN AN, | NO. 18-2-13973-2 SEA |
| Plaintiffs, | SUMMONS [20 days] |
| v. | |
| DELTA AIR LINES, INC., | |
| Defendant. | |

TO DEFENDANT:   CORPORATION SERVICE COMPANY, REGISTERED AGENT FOR
                DELTA AIR LINES, INC.
                40 THECHNOLOGY PARKWAY SOUTH
                SUITE 300
                NORCROSS, GA 30092

    A lawsuit has been started against you in the above-entitled court by JI-WON KIM, LILIAN PARK, JEAN YI, and JONGJIN AN, Plaintiffs.  Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within twenty (20) days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where Plaintiffs are entitled to what

SUMMONS - Page 1

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2066  FAX 206.233.9163

1  they ask for because you have not responded. If you serve a notice of appearance on the
2  undersigned person, you are entitled to notice before a default judgment may be entered.

3      You may demand that the Plaintiffs file this lawsuit with the court. If you do so, the demand
4  must be in writing and must be served upon the person signing this summons. Within fourteen (14)
5  days after you serve the demand, the Plaintiffs must file this lawsuit with the court, or the service on
6
7  you of this summons and complaint will be void.

8      If you wish to seek the advice of any attorney in this matter, you should do so promptly so
9  that your written response, if any, may be served on time.

10     This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of
11  Washington.

12     DATED this 31st day of May, 2018.

13
14                          LAW OFFICES OF
                            JUDITH A. LONNQUIST, P.S.
15
16
17                          Judith A. Lonnquist, WSBA #06421
                            Jennifer T. Song, WSBA #39801
18                          Attorneys for Plaintiffs
19
20
21
22
23
24
25
26

SUMMONS - Page 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

JI-WON KIM, LILIAN PARK, JEAN YI,
and JONGJIN AN,

                                    Plaintiffs,

        v.

DELTA AIR LINES, INC.,

                                    Defendant.

NO.    18-2-13973-2 SEA

COMPLAINT FOR DAMAGES
AND OTHER RELIEF

## INTRODUCTION

This action is brought pursuant the Washington Law Against Discrimination, RCW 49.60 to redress acts of race and national origin discrimination, and retaliation. Plaintiffs seek lost pay, benefits and employment opportunities, emotional distress damages, attorneys' fees and costs, injunctive and other relief.

## I.    JURISDICTION AND VENUE

1.    Defendant does business in King County. At all relevant times, Plaintiffs' workplace where the acts complained herein occurred in King County.

2.    This court has jurisdiction pursuant to common law and Chapter 49 RCW.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF- Page 1

## II.    PARTIES

3.    Plaintiffs Ji-Won Kim, Lilian Park, Jean Yi, and Jongjin An, are all women residing in King County. They were employed by Defendant Delta Air Lines, Inc. (hereinafter "Delta")at Sea-Tac Airport which is located in King County.

4.    Defendant Delta is a private employer that employs more than eight employees and has offices worldwide including at Sea-Tac Airport.

## III.    STATEMENT OF CLAIMS

5.    Plaintiffs, four Korean-American women, all over 40 years of age, have given Delta almost 40 years of collective loyal service as Customer Service Agents ("CSA"s) prior to being wrongfully terminated in May 2017. All were subjected to sexual harassment and discrimination then retaliated against for complaining about being victims of sexual harassment.

6.    Ms. Lilian Park, age 58, was employed by Delta for 12 years, serving as a supervisor, or a "red coat," just prior to her termination.

7.    Ms. Ji-won ("Stella") Kim, age 46, was employed by Delta for over 10 years. Ms. Jean Yi, age 56, was employed by Delta for over 8 years.

8.    Ms. Jongjin ("JJ") An, age 48, was employed by Delta for over 18 years.

9.    All four women were born in Korea, immigrated to the United States, speak Korean fluently, and worked as Delta's Customer Service Agents at Sea-Tac International Airport in

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - Page 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021

SeaTac, Washington. All four were subjected to disparate treatment based on their national origin.

10.     These four women, who served Delta faithfully for years, were subjected to discriminatory acts by supervisors due to their national origin and race. Though assigned to work flights to and from Korea, composed of many Korean-speaking passengers, they were singled out and admonished for speaking Korean.

11.     Specifically, Liza Cherenkova, the Operations Service Manager, pulled Plaintiffs aside and instructed them to refrain from speaking in Korean, as it makes other employees uncomfortable. However, Ms. Cherenkova spoke her native language, Russian, with other employees during work hours.

12.     Many other employees frequently spoke to each other in their native languages during their shifts and were not admonished or coached not to do so.

13.     Employees of certain other national origin were given favorable treatment by receiving extra pay to make announcements in their native languages while Korean employees were give no such extra benefit. Ms. Ji-Won Kim, Lilian Park, Jean Yi, and Jongjin An were never offered extra pay for making announcements in Korean.

14.     The collective women were also subjected to sexual harassment by Delta Employee Jess Kelly, a customer service agent. Each has been the victim of unwanted and harassing touching by Mr. Kelly. Two Plaintiffs made reports to leadership about the sexual harassment yet the harassment did not stop.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.621.2086  FAX 206.233.9165

15.    Plaintiffs were singled out for corrective action and punishment following a surreptitious and unauthorized investigation by a peer co-worker who reported on Plaintiffs' use of Delta's liberal upgrade policy.

16.    Plaintiffs were suspended and ultimately terminated for allegedly offering unauthorized upgrades. Plaintiffs did nothing contrary to Delta policy and, in fact, were acting in concert with commonly accepted practices.

17.    Despite widespread acknowledgment of the accepted practices with regard to upgrades, Plaintiffs were interrogated, suspended, and terminated for processing upgrades. The investigation and adverse employment consequences were not consistent with Delta's employment and disciplinary policies.

18.    As a result of the interrogation and rumor-mongering Plaintiffs reputations were sullied and they suffered humiliation, shame, and persistent emotional distress following the loss of their reputations in their field, and ultimately their long-time employment, in which they found satisfaction and had achieved good and reliable pay in recognition of long years of service.

COUNT I

Defendant has engaged in race and national origin discrimination, in violation of RCW 49.60.180.

COUNT II

Defendant has retaliated against Plaintiffs, in violation of RCW 49.60.210.

WHEREFORE, Plaintiffs respectfully request the following relief:

    A.    Back pay and other economic damages;

COMPLAINT FOR DAMAGES
AND OTHER RELIEF - Page 4

1

2    B.    Emotional distress damages;

3    C.    Pre-judgment interest;

4    D.    Reasonable attorney's fees and litigation expenses pursuant to RCW 49.60.030
           and 49.48.030;
5
6    E.    Injunctive relief;

7    F.    Tax relief;

8    G.    Costs;

9    H.    Such other relief as the Court deems appropriate.

10

11

12

13   Dated this 31st day of May, 2018.

14

15                                        LAW OFFICES OF JUDITH A.
                                          LONNQUIST, P.S.
16

17

18                                        Judith A. Lonnquist, WSBA #06421
                                          Jennifer Song, WSBA #39801
19                                        Attorneys for Plaintiffs

20

21

22

23

24

25

26


COMPLAINT FOR DAMAGES                              LAW OFFICES OF
AND OTHER RELIEF - Page 5                           JUDITH A. LONNQUIST, P.S.
                                                    1218 THIRD AVENUE, SUITE 1500
                                                    SEATTLE, WA 98101-3021
                                                    TEL 206.622.2086   FAX 206.233.9165

# EXHIBIT B



# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Allison Gentry<br>Delta Air Lines, Inc<br>Legal Dept. #981<br>1030 Delta Blvd<br>Atlanta, GA 30354 |
| Electronic copy provided to: | Glenna Liddell<br>Norma Anderson<br>Lucina Sagers |

| | |
|---|---|
| Entity: | Delta Air Lines, Inc.<br>Entity ID Number  2078129 |
| Entity Served: | Delta Air Lines, Inc. |
| Title of Action: | Ji-Won Kim vs. Delta Air Lines, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | King County Superior Court, Washington |
| Case/Reference No: | 18-2-13973-2 SEA |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 06/07/2018 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Judith A. Lonnquist<br>206-622-2086 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

**FILED**

18 JUN 01 AM 10:58

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-13973-2 SEA

DORSEY & WHITNEY LLP

June 7, 2018

RECEIVED

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JI-WON KIM, LILIAN PARK, JEAN YI, and JONGJIN AN <br> Plaintiff(s), <br><br> vs. <br><br> Delta Airlines, Inc. <br> Respondent(s) | NO.   18-2-13973-2 SEA <br> ORDER SETTING CIVIL CASE SCHEDULE <br><br> ASSIGNED JUDGE:  Parisien, Sue, Dept. 42 <br><br> FILED DATE:  6/1/2018 <br> TRIAL DATE:  6/3/2019 <br> SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR  4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING_AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 6/1/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 11/9/2018 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 11/9/2018 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 11/26/2018 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 12/31/2018 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 2/11/2019 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 2/25/2019 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 2/25/2019 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 4/15/2019 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 5/6/2019 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 5/13/2019 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 5/13/2019 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 5/20/2019 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 5/28/2019 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 5/28/2019 |
| | Trial Date [See KCLCR 40] | 6/3/2019 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 6/1/2018

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents:** All original documents must be filed with the **Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

PRESIDING JUDGE

FILED

18 JUN 01 AM 10:58

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-13973-2 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

JI-WON KIM, LILIAN PARK, JEAN YI, a | NO. 18-2-13973-2 SEA

VS

Delta Airlines, Inc. | CASE INFORMATION COVER SHEET
AND AREA DESIGNATION

CAUSE OF ACTION

**(TTO) -**     TORT, OTHER (MSC 2)

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all
of Interstate 90 right of way, all of the cities of Seattle, Mercer
Island, Issaquah, and North Bend, and all of Vashon and Maury
Islands.